**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6324 |
| Plaintiff - Appellee, | D.C. No. 4:23-cr-00003-SLG-KFR-1 |
| v. | |
| JUNIOR GUFATASI TULALI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 12, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges

Junior Gufatasi Tulali ("Defendant") appeals the judgment entered following

his jury conviction for distribution of a controlled substance resulting in death in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In *United States v. Houston*, 406 F.3d 1121 (9th Cir. 2005), the Court held that for a defendant to be guilty of distribution of a controlled substance resulting in death under § 841(a)(1), (b)(1)(C), it need not be the case that the defendant intended that death result from the controlled substance or that he even knew or should have known that death would result. *Houston*, 406 F.3d at 1124. Defendant claims that *Burrage v. United States*, 571 U.S. 204 (2014), *Rehaif v. United States*, 588 U.S. 225 (2019), and *Ruan v. United States*, 597 U.S. 450 (2022) are clearly irreconcilable with *Houston* and that the case should therefore be overturned. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). Consequently, Defendant asserts that his conviction should be reversed because the government did not prove that the victim's death was the foreseeable result of Defendant's drug distribution.

While a panel of this court is generally strictly bound to follow circuit precedent, in *Miller v. Gammie*, a Ninth Circuit en banc panel recognized a narrow exception to that rule, limited to cases in which "the relevant court of last resort . . . undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable" and the prior precedent has been "effectively overruled." *Id.* at 900. None of the cases cited by Defendant is irreconcilable, let alone clearly irreconcilable with the Ninth Circuit's holding in *Houston*.

24-6324

In *Burrage*, the Supreme Court held that "a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless [the victim's use of the controlled substance provided by the defendant] is a but-for cause of the [victim's] death[.]" 571 U.S. at 218–19. That the Court limited application of the statute to instances in which the controlled substance was a but-for cause of death is unrelated to the issue of whether the death was intended or foreseeable, and therefore, *Burrage* is not clearly unreconcilable with *Houston*. *See Miller*, 335 F.3d at 893.

In both *Rehaif* and *Ruan*, the Court applied the rule that in interpreting a criminal statute that is silent on the required mental state, it will seek to interpret the statute in such a way as to "separate wrongful from innocent acts" to ensure the defendant has "the intent needed to make his behavior wrongful." *Rehaif*, 588 U.S. at 232; *see Ruan*, 597 U.S. at 458. While the defendants in those cases were engaging in conduct that would have been legal but for the mental state in question, Defendant here was well aware that it was wrongful for him to sell controlled substances; whether the victim's death was foreseeable did not separate wrongful conduct from what would otherwise have been a legal act. *See United States v. Collazo*, 984 F.3d 1308, 1327 (9th Cir. 2021) (holding that "the importance of scienter 'in separating wrongful from innocent acts' do[es] not undercut our reading of [§ 841(a)(1)] [because] [k]nowingly distributing a

3                                                                                    24-6324

controlled substance in violation of § 841(a)(1) is not an 'entirely innocent' act . . . [since] [r]egardless of the type and quantity of the controlled substance, there is no risk that a defendant would fail to understand the unlawful nature of the act" (quoting *Rehaif*, 588 U.S. at 231–32) (internal citations omitted)). Therefore, neither *Rehaif* nor *Ruan* cast any doubt on *Houston*, and both are far from "clearly irreconcilable" with it. *See Miller*, 335 F.3d at 893.

Next, Defendant argues that the evidence presented at trial was not sufficient to prove that the pills originally sent by Defendant were the but-for cause of the victim's death. In reviewing the sufficiency of evidence to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Testimony and text messages presented at trial demonstrated that Defendant had sold 500 fentanyl-containing pills he represented as Percocet to a distributor, Andre Brown, who sold six of those pills to another intermediary, Winston Crockett, who sold two of those pills to the victim. The victim died shortly after receiving the pills, and expert testimony was presented that fentanyl was in his blood and was the cause of his death. Brown was later arrested with 59 pills that he testified were the remainder of the original 500 pills he had received from

Defendant.  Expert testimony was presented that those pills were a mixture of fentanyl and acetaminophen.  Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that the pills sold by Defendant to Brown were the same pills that were ultimately distributed to the victim and were the but-for cause of his death.  *See id.*

**AFFIRMED.**